**Julian Yesid Rodriguez MARTINEZ and Deana Cortez Bernal, Petitioners,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**Nos. 05–3382–ag (L), 05–3383–ag (CON).**

United States Court of Appeals, Second Circuit.

Aug. 28, 2009.

Glenn L. Formica, Esq., Formica, PC, New Haven, CT (Jose L. DelCastillo, DelCastillo & Associates, Hartford, CT., on the brief), for Petitioners

Norah Ascoli Schwarz, United States Department of Justice, Office of Immigration Litigation, Washington, D.C. (Frances C. Trapp, Assistant United States Attorney, for Reginald I. Lloyd, United States Attorney for the District of South Carolina, Columbia, SC, on the brief), for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, ROBERT D. SACK, Circuit Judge, and RICHARD W. GOLDBERG, Judge, U.S. Court of International Trade.*

### *SUMMARY ORDER*

Julian Yesid Rodriguez Martinez and his wife Deana Cortez Bernal petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming a final order of removal entered by Immigration Judge ("IJ") Michael W. Straus. Petitioners entered the United States in 2000 and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in 2002. The IJ pretermitted their asylum claim as untimely, and denied their withholding and CAT claims on the merits. The BIA adopted and affirmed the IJ's opinion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. *Asylum.* We lack jurisdiction to review the agency's determination that the petitioners' application was untimely and that extraordinary circumstances are lacking to justify the delay. 8 U.S.C. § 1158(a)(2–3). And while we retain jurisdiction to review constitutional claims and questions of law, such questions are not implicated if (as here) "the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329–32 (2d Cir. 2006).

2. *CAT Relief.* The petition for review does not challenge the agency's determina-

---

* The Honorable Richard W. Goldberg, Senior Judge of the United States Court of International Trade, sitting by designation.

tion that petitioners are not entitled to CAT relief. Any such argument is waived. *Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

3. *Withholding.* We review denial of a claim for withholding of removal for substantial evidence with regard to the agency's factual findings and *de novo* with regard to questions of law and the application of law to undisputed fact, see *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008); *see also* 8 U.S.C. § 1252(b)(4)(B).

An applicant for withholding of removal must show that it is more likely than not that his or her life or freedom would be threatened in the country of removal on account of his or her race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.16(b). A showing of past persecution gives rise to a rebuttable presumption that the applicant's life or freedom would be threatened in the future. 8 C.F.R § 1208.16(b)(1).

Petitioners alleged persecution in the past on account of their membership in a social group defined as landowners. We need not decide whether landowners constitute a cognizable social group under *Ucelo–Gomez v. Mukasey,* 509 F.3d 70 (2d Cir.2007), and the BIA's decision in *Matter of A–M–E & J–G–U–,* 24 I. & N. Dec. 69 (B.I.A.2007), because the IJ found that petitioners did not own land themselves. A reasonable adjudicator would not be compelled to conclude to the contrary, and the agency's finding is therefore supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B). The petition for review must therefore be denied with regard to petitioners' withholding of removal claim.

For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.